**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

**LABORERS' PENSION FUND, LABORERS' WELFARE FUND OF THE HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, THE CHICAGO LABORERS' DISTRICT COUNCIL RETIREE HEALTH AND WELFARE FUND and CATHERINE WENSKUS, not individually, but as Assistant Administrator of the Funds,**

**Plaintiffs,**

**v.**

**RUANE CONSTRUCTION, INC. an Illinois corporation,**

**Defendant.**

**Case No. 17-5921**

**COMPLAINT**

Plaintiffs, Laborers' Pension Fund, Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity, the Chicago Laborers' District Council Retiree Health and Welfare Fund, and Catherine Wenskus, not individually, but as Administrator of the Funds (hereinafter collectively the "Funds"), by their attorneys, Patrick T. Wallace, Jerrod Olszewski, Amy N. Carollo, G. Ryan Liska, Katherine C.V. Mosenson, and Kelly Carson Burtzlaff, for their Complaint against Defendant Ruane Construction, Inc., an Illinois corporation, state as follows:

**COUNT I**

**(Failure To Pay Benefit Contributions)**

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§1132 (e)(1) and

(2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. §185(a), and 28 U.S.C. §1331.

2.      Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), and 28 U.S.C. §1391 (a) and (b).

3.      The Funds are multiemployer benefit plans within the meanings of Sections 3(3) and 3(37) of ERISA.  29 U.S.C. §1002(3) and 37(A).  They are established and maintained pursuant to their respective Agreements and Declarations of Trust in accordance with Section 302(c)(5) of the LMRA.  29 U.S.C. § 186(c)(5).  The Funds have offices and conduct business within this District.

4.      Plaintiff Catherine Wenskus ("Wenskus") is the Assistant Administrator of the Funds, and has been duly authorized by the Funds' Trustees to act on behalf of the Funds in the collection of employer contributions owed to the Funds and to the Construction and General District Council of Chicago and Vicinity Training Fund, and with respect to the collection by the Funds of amounts which have been or are required to be withheld from the wages of employees in payment of Union dues for transmittal to the Construction and General Laborers' District Council of Chicago and Vicinity (the "Union").  With respect to such matters, Wenskus is a fiduciary of the Funds within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. §1002(21)(A).

5.      Defendant Ruane Construction, Inc., (hereinafter the "Company"), is an Illinois corporation.  At all times relevant herein, the Company did business within this District and was an employer within the meaning of Section 3(5) of ERISA, 29 U.S.C. §1002(5), and Section 301(a) of the LMRA, 29 U.S.C. §185(c).

6.      The Union is a labor organization within the meaning of 29 U.S.C. §185(a).  The Union and the Company have been parties to successive collective bargaining agreements, the most recent of which became effective June 1, 2017 ("Agreement").  (Copies of the Company's Assignment of Collective Bargaining Rights executed by the Company which adopts and incorporates a Master Agreement between the Union and the various employer associations, and also binds the Company to the Funds' respective Agreements and Declarations of Trust, are attached hereto as Exhibits A and B.)

7.      The Funds have been duly authorized by the Construction and General Laborers' District Council of Chicago and Vicinity Training Fund (the "Training Fund"), the Midwest Construction Industry Advancement Fund ("MCIAF"), the Mid-American Regional Bargaining Association Industry Advancement Fund ("MARBA"), the Chicagoland Construction Safety Council (the "Safety Fund"), the Laborers' Employers' Cooperation and Education Trust ("LECET"), the Concrete Contractors Association ("CCA"), the CDCNI/CAWCC Contractors' Industry Advancement Fund (the "Wall & Ceiling Fund"), the CISCO Uniform Drug/Alcohol Abuse Program ("CISCO"), the Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC"), the Illinois Environmental Contractors Association Industry Education Fund ("IECA Fund"), the Illinois Small Pavers Association Fund ("ISPA"), and the Chicago Area Independent Construction Association ("CAICA") to act as an agent in the collection of contributions due to those funds.

8.      The Agreement and the Funds' respective Agreements and Declarations of Trust, obligate the Company to make contributions on behalf of its employees covered by the Agreement for pension benefits, health and welfare benefits, retiree health and welfare benefits, and benefits for the Training Fund, and to submit monthly remittance reports in which the

Company, *inter alia*, identifies the employees covered under the Agreements and the amount of contributions to be remitted to the Funds on behalf of each covered employee. Pursuant to the terms of the Agreement, and the Funds' respective Agreements and Declarations of Trust, contributions which are not submitted in a timely fashion are assessed liquidated damages plus interest.

9.     The Agreement and the Funds' respective Agreements and Declarations of Trust require the Company to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

10.     The Agreement obligates the Company to obtain and maintain a surety bond to guaranty the payment of future wages, pension and welfare benefits.

11.     An audit of the Company's books and records for the time period of June 1, 2013 through January 31, 2016 revealed that the Company performed covered work during the audit period, but that notwithstanding the obligations imposed by the Agreement, and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a)     failed to report and pay contributions in the amount of $27,275.14  owed to Plaintiff Laborers' Pension Fund for the audit period of June 1, 2013 through January 31, 2016 thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b)     failed to report and pay contributions in the amount of $28,946.00 owed to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of June 1, 2013 through January 31, 2016,  thereby depriving the Welfare Fund of contributions, income and

information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c)     failed to report and pay contributions in the amount of $7,873.20 owed to Plaintiff the Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of June 1, 2013 through January 31, 2016, thereby depriving the Retiree Health and Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to report and pay contributions in the amount of $1,338.50 owed to Laborers' Training Fund for the period of June 1, 2013 through January 31, 2016 thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to report and pay contributions in the amount of $369.36 owed to Laborers' District Council Labor Management Committee Cooperative ("LDCLMCC") Fund for the audit period of June 1, 2013 through January 31, 2016 thereby depriving the LDCLMCC Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries;

(f)     failed to report and pay contributions in the amount of $214.16 owed to WGC Fund for the audit of June 1, 2013 through January 31, 2016 thereby depriving the WGC Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries; and

(g)     failed to report and pay contributions in the amount of $187.38 owed to Laborers' Employers' Cooperation and Education Trust ("LECET") Fund for the audit of June 1, 2013

through January 31, 2016 thereby depriving the LECET Fund of contributions, income and information needed to administer the Fund and jeopardizing the benefits of the participants and beneficiaries. True and accurate copies of the audit and audit summary sheet are attached hereto as Exhibits C and D respectively.

12. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company owes liquidated damages plus interest on all unpaid contributions revealed by the audit for the period of June 1, 2013 through January 31, 2016.

13. Under the terms of the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company is liable for the costs of any audit which reveals unpaid contributions. Accordingly, Company owed the Funds $1,849.90 in audit costs for the audit for the period of June 1, 2013 through January 31, 2016. See Exhibits C and D.

14. The Company's actions in failing to submit payment upon the audit to which it submitted its books and records violate Section 515 of ERISA, 29 U.S.C. §1145.

15. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid contributions, audit costs, and reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ruane Construction, Inc., as follows:

a. entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of June 1, 2013 through

January 31, 2016 including contributions, interest, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT II**

**(Failure to Pay Union Dues)**

16. Plaintiffs reallege paragraphs 1 through 15 of the Complaint, as though fully set forth herein.

17. Pursuant to agreement, the Funds have been duly designated to serve as collection agents for the Union in that the Funds have been given the authority to collect from employers union dues which have been or should have been deducted from the wages of covered employees.

18. Notwithstanding the obligations imposed by the Agreement, the Company performed covered work during the audit period of June 1, 2013 through January 31, 2016 and the Company failed to withhold and/or submit payment of $3,700.65 in union dues that were or should have been withheld from the wages of employees for the period of June 1, 2013 through January 31, 2016 thereby depriving the Union of information and income. See Exhibits C and D.

19. Pursuant to the Agreement, the Company owes liquidated damages on all late or unpaid dues as revealed by the audit for the period of June 1, 2013 through January 31, 2016 plus audit costs, and reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Defendant Ruane Construction, Inc., as follows:

a. entering judgment in sum certain in favor of the Funds and against the Company on the amounts due and owing pursuant to the audit for the period of June 1, 2013 through January 31, 2016 including dues, liquidated damages, audit costs, and Plaintiffs' reasonable attorneys' fees and costs; and

b. awarding Plaintiffs any further legal and equitable relief as the Court deems appropriate.

**COUNT III**

**(Failure to Submit Reports and/or Pay Employee Benefit Contributions)**

20. Plaintiffs reallege paragraphs 1 through 19 of the Complaint, as though fully set forth herein.

21. Notwithstanding the obligations imposed by the Agreement and the Funds' respective Agreements and Declarations of Trust, the Company has:

(a) failed to submit reports and/or pay all contributions to Plaintiff Laborers' Pension Fund for the period of May 2017 forward, thereby depriving the Laborers' Pension Fund of contributions, income and information needed to administer the Fund and jeopardizing the pension benefits of the participants and beneficiaries;

(b) failed to submit reports and/or pay all contributions to Plaintiff Laborers' Welfare Fund of the Health and Welfare Department of the Construction and General Laborers' District Council of Chicago and Vicinity for the period of May 2017 forward, thereby depriving the Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(c) failed to submit reports and/or pay all contributions to Chicago Laborers' District Council Retiree Health and Welfare Fund for the period of May 2017 forward, thereby depriving

the Retiree Welfare Fund of contributions, income and information needed to administer the Fund and jeopardizing the health and welfare benefits of the participants and beneficiaries;

(d)     failed to submit reports and/or pay all contributions to Laborers' Training Fund for the period of May 2017 forward, thereby depriving the Laborers' Training Fund of contributions, income and information needed to administer the Fund and jeopardizing the training fund benefits of the participants and beneficiaries;

(e)     failed to submit reports and/or pay all contributions owed to one or more of the other affiliated funds identified in paragraph 7 above for the period of May 2017 forward, thereby depriving said fund(s) of contributions, income and information needed to administer said fund(s) and jeopardizing the benefits of the participants and beneficiaries; and

(f)     failed to obtain and maintain a surety bond as required by the collective bargaining agreement.

22.     The Company also failed to timely submit reports and benefit contributions for the months of January, March, May, and July through December 2015; March and May through November 2016; and February through May 2017. Pursuant to the terms of the Agreement and Declarations of Trust, the Company owes $53,044.78 in accumulated liquidated damages on these late-paid benefits reports.

23.     The Company's actions in failing to submit timely benefits reports and contributions and obtain a surety bond violates Section 515 of ERISA, 29 U.S.C. §1145, and Section 301 of the LMRA. 29 U.S.C. §185.

24.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. §1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. §185, the terms of the Agreement and the Funds' respective Trust Agreements, the Company is liable to the Funds for unpaid contributions, as well as interest and

liquidated damages on the unpaid contributions, accumulated liquidated damages, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Ruane Construction, Inc., as follows:

a. ordering the Company to submit benefit reports and/or pay all contributions for the time period of May 2017 forward and to submit to an audit on demand for the period of February 1, 2016 forward;

b. entering judgment in sum certain against the Company on the amounts due and owing pursuant to the May 2017 forward benefits reports, and on the amounts found due and owing pursuant to the audit for the time period of February 1, 2016 forward, if any, including benefits, interest, liquidated damages, accumulated liquidated damages on late-paid reports, and attorneys' fees and costs;

c. ordering the Company to obtain and maintain a surety bond; and

d. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

**COUNT IV**

**(Failure to Submit Reports and Fully Pay Union Dues)**

25. Plaintiffs reallege paragraphs 1 through 24 of the Complaint, as though fully set forth herein.

26. Notwithstanding the obligations imposed by the Agreement, the Company has failed to submit Union dues reports and dues that were or should have been withheld from the wages of its employees performing covered work for the period of May 2017 forward, thereby

depriving the Union of income and information necessary to determine dues submission compliance.

27.     The Company also failed to timely submit dues reports and contributions for the months of August through December 2011; January through December 2012; January through December 2013; April, June and September through December 2014; January through March and May through December 2015; January through November 2016; and January through April 2017. Pursuant to the terms of the Agreement and Declarations of Trust, the Company owes $9,611.39 in accumulated liquidated damages on these late-paid dues reports. In addition, the Company owes dues shortages in the amount of $296.03 for the period of August and October through November 2016, and January through March 2017.

28.     Pursuant to the Agreement and Federal Common Law, the Company is liable to the Funds for the unpaid Union dues, as well as liquidated damages, accumulated liquidated damages, audit costs, reasonable attorneys' fees and costs as the Union's collection agent, and such other legal and equitable relief as the Court deems appropriate.

WHEREFORE, Plaintiffs respectfully request this Court enter a judgment against Ruane Construction, Inc. as follows:

a.     ordering the Company to submit dues reports and/or pay all dues for the time period of May 2017 forward and to submit to an audit on demand for the period of February 1, 2016 forward;

b.     entering judgment in sum certain against the Company on the amounts due and owing pursuant to the May 2017 forward dues reports, and on the amounts found due and owing pursuant to the audit for the time period of February 1, 2016 forward, if any, including dues, liquidated damages, accumulated liquidated damages, and attorneys' fees and costs; and

     c. awarding Plaintiffs any further legal and equitable relief as the Court deems just and appropriate.

August 14, 2017

Laborers' Pension Fund, et al.

By: _/s/ Patrick T. Wallace

Patrick T. Wallace
Jerrod Olszewski
Amy N. Carollo
G. Ryan Liska
Katherine C.V. Mosenson
Kelly Carson Burtzlaff
Laborers' Pension and Welfare Funds
111 W. Jackson Blvd., Suite 1415
Chicago, IL 60604
(312) 692-1540



HEADQUARTERS OF

**Construction & General Laborers District Council of Chicago and Vicinity**

Affiliated with the Laborers International Union of North America, A. F. of L. - C. I. O. —

6121 WEST DIVERSEY AVENUE • CHICAGO, ILLINOIS 60639 • PHONE: 312-237-7537 • FAX: 312-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

Joseph A. Lombardo, Jr.
Secretary-Treasurer

Bruno Caruso
President
Business Manager

# MEMORANDUM OF JOINT WORKING AGREEMENT

It is hereby stipulated and agreed by and between Ryane Const. herein called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092, and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry, and Boone, in the State of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. [illegible]

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Concrete Contractors Association of Greater Chicago, [illegible]

3. The EMPLOYER agrees to pay the amounts which the(y) is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY, to the LABORERS PENSION FUND, and to the CONSTRUCTION AND GENERAL LABORERS DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND [illegible]

The EMPLOYER further affirms [illegible]

4. [illegible]

5. In the event of any change in the ownership, management, or operation of the EMPLOYER'S business [illegible]

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining Agreements are as follows:

| | |
|---|---|
| June 1, 1996 to May 31, 1996 | $20.85 Per Hour Wages<br>$3.12 Per Hour Health and Welfare Fund<br>$1.45 Per Hour Pension Fund<br>$.10 Per Hour Training Fund<br>$.02 Per Hour LECET (or such amount as provided in local agreement)<br>$.01 Per Hour Chicagoland Safety Council (if applicable in local agreement)<br>Dues Deductions are $.25 Per Hour for each hour worked unless notified of an increase. |
| June 1, 1996 to May 31, 1997 | $1.60 Per hour increase for the year June 1, 1996 through May 31, 1997 to be allocated between wages and fringe benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to receive the same unless additional sums are allocated.<br>LECET and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are $.25 Per Hour unless notified of an increase. |
| June 1, 1997 to May 31, 1998 | $1.60 Per hour increase for the year June 1, 1997 through May 31, 1998, to be allocated between wages and fringe benefits by the Union in its sole discretion. Welfare, Pension, and Training Funds to receive the same unless additional sums are allocated.<br>LECET and Chicagoland Safety Council remain as above for the life of the contract.<br>Dues Deductions are $.25 Per hour unless notified of an increase. |

97 OCT 21 [illegible]

REC'D.

All additional wage rate dues checked, or fringe benefit increases as negotiated after May 31, 1998, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1996, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements [illegible]

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended [illegible]

9. This Agreement shall remain in full force and effect through May 31, 1998 [illegible]

10. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement.

Dated at Lockport on 17 day Oct 1997.

ACCEPTED

Laborers' Local Union No. 5

By: Thomas Pinchard

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]
Bruno Caruso, President/Business Manager

By: Joseph A. Lombardo, Jr.
Joseph A. Lombardo, Jr., Secretary-Treasurer

Ryane Construction
(Employer)

By: [signature] Pres.
(Name & Title)

23561 S. Harlem
(Address)

Frankfort IL 60423
(City) (State) (Zip Code)

815 464-0336
(Telephone)

TRUST FUND

EXHIBIT

A





HEADQUARTERS OF

# Construction & General Laborers' District Council of Chicago and Vicinity

Affiliated with the Laborers International Union of North America, A.F. of L. - C.I.O. -
6121 WEST DIVERSEY AVENUE - CHICAGO, ILLINOIS 60639 - PHONE: 773-237-7537 - FAX: 773-237-3417

LOCALS 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092

## INDEPENDENT CONSTRUCTION INDUSTRY COLLECTIVE BARGAINING AGREEMENT

It is hereby stipulated and agreed by and between RUANE CONSTRUCTION, herein called the "EMPLOYER", and the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, herein called the "UNION", representing and encompassing Local Nos. 1, 2, 4, 5, 6, 25, 75, 76, 96, 118, 149, 152, 225, 269, 288, 582, 681, 1001, 1006, 1035, 1092 and encompassing the geographical areas of the counties of Cook, Lake, DuPage, Will, Grundy, Kendall, Kane, McHenry and Boone, North Lake of Illinois, together with any other locals which may come within the jurisdiction of the UNION, that:

1. EMPLOYER, in response to the UNION's claim that it represents an uncoerced majority of each EMPLOYER'S laborer employees, acknowledges and agrees that there is no good faith doubt that the UNION has been authorized to and in fact does represent such majority of laborer employees. Therefore, the UNION is hereby recognized as the sole and exclusive collective bargaining representative for the employees now or hereafter employed in the bargaining unit with respect to wages, hours of work and other terms and conditions of employment in accordance with Section 9 of the National Labor Relations Act without the need for a Board certified election.

2. The EMPLOYER affirms and adopts the Collective Bargaining Agreements between the UNION and the Builders Association of Chicago and Vicinity, the Illinois Road Builders Association, the Underground Contractors Association, the Mason Contractors Association of Greater Chicago, the Concrete Contractors Association of Greater Chicago, the C.C.N.I./C.A.W.C.C., the Lake County Contractors Association, the Contractors Association of Will and Grundy Counties, the Fox Valley General Contractors Association, the Chicago Demolition Contractors' Association, the Illinois Environmental Contractors Association, and all other Associations with whom the District Council or any of its affiliated local unions has a duly negotiated agreement, and re-establishes all agreements from June 1, 1978 together with all amendments thereto. Where no current Association agreement is negotiated, the terms of the most recent expired agreement are incorporated herein with all terms, conditions and dates extended for the duration hereof, until a contract is negotiated. It is further agreed that where a contractor works in the jurisdiction of any local UNION, then the Association agreement which that shall be incorporated retroactively herein. It is further agreed that agreement covering the local UNION is hereby specifically incorporated in this agreement and shall supersede the standard District Council agreements in the case of any conflict between the District Council agreement and the local Association agreement. Nothing herein shall limit the jurisdiction of this Agreement to less than that provided in this Agreement.

3. The EMPLOYER agrees to pay the amounts that it is bound to pay under said Collective Bargaining Agreements to the HEALTH AND WELFARE DEPARTMENT OF THE CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY, the LABORERS' PENSION FUND, the CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY TRAINING TRUST FUND, the CHICAGO AREA LABORERS-EMPLOYERS COOPERATION EDUCATION TRUST ("LECET"), and to all other designated Union-affiliated benefit funds, and to become bound by and be considered a party to the Agreements and Declarations of Trust creating said trust funds as if it had signed the original copies of the Trust Instruments and amendments thereto. The EMPLOYER ratifies and confirms the appointment of the EMPLOYER Trustees who shall, together with their successor Trustees, designated in the manner provided in said Agreements and Declaration of Trusts and jointly with an equal number of Trustees appointed by the UNION, carry out the terms and conditions of the Trust Instruments.

The EMPLOYER further affirms and re-establishes that all prior contributions paid to the Welfare, Pension, Training and LECET Funds were made by duly authorized agents of the EMPLOYER at all proper rates, for the appropriate periods of time, and that by making said prior contributions the EMPLOYER evidences the intent to be bound by the terms of the Trust Agreement and Collective Bargaining Agreements which were operative at the time the contributions were made, acknowledging the signed form to be a sufficient instrument in writing to bind the EMPLOYER to the applicable agreements.

4. Employees covered by this Working Agreement shall retain all the work traditionally performed by members of the UNION. The EMPLOYER agrees that it will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the UNION. Any EMPLOYER, whether acting as a contractor, general manager or developer, who contracts out or sublets any of the work coming within the jurisdiction of the UNION, shall assume the obligations of any such subcontractor for prompt payment of employees' wages and other benefits, including reasonable attorneys' fees incurred in enforcing the provisions hereof. Notwithstanding any agreement to the contrary, the EMPLOYER'S violation of any provision of this paragraph will give the UNION the right to take any other lawful action, including all remedies at law or equity.

5. In the event of any change in the ownership, management or operation of the EMPLOYER'S business by sale or otherwise, it is agreed that as a condition of such transfer or change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors and assignees of the EMPLOYER, whether corporate or otherwise. The EMPLOYER shall provide ten (10) days prior notice to the Union of the sale of the EMPLOYER.

6. The negotiated wage and fringe benefit contribution rates in the various Collective Bargaining Agreements are as follows:

| | |
|---|---|
| June 1, 1998 to May 31, 1999 | $23.35 Per Hour Wages<br>$ 3.27 Per Hour Health and Welfare Fund<br>$ 2.05 Per Hour Pension Fund<br>$ .10 Per Hour Training Fund (plus additional amounts in Association agreement)<br>$ .02 Per Hour IMCUF (if applicable in Association agreement)<br>$ .02 Per Hour LECET (to be deducted from IMCUF if LECET contribution is not provided in Association agreement)<br>$ .01 Per Hour Chicagoland Safety Council (if applicable)<br>In addition, the Employer shall pay other amounts if provided in appropriate Association agreements for industry funds |
| June 1, 1999 to May 31, 2000 | $ 1.25 Per Hour Increase for the year June 1, 1999 through May 31, 2000 to be allocated between wages and fringe benefits by the Union in its sole discretion. Welfare, Pension, Training and LECET Funds contributions to remain the same unless additional sums are allocated. |
| June 1, 2000 to May 31, 2001 | $ 1.35 Per Hour Increase for the year June 1, 2000 through May 31, 2001, to be allocated between wages and fringe benefits by the Union in its sole discretion. Welfare, Pension, Training and LECET Funds contributions remain the same unless additional sums are allocated. |

All additional wage rates, dues checkoff, and fringe benefits that are negotiated or become effective after May 31, 2001, shall be incorporated in this Memorandum of Agreement.

7. Effective June 1, 1998, all EMPLOYERS covered by this Memorandum of Agreement incorporating the various Collective Bargaining Agreements shall deduct from the wages of employees covered by the said contract, uniform working dues in the amount of 1.5% of gross wages, or as determined by the UNION, and shall remit monthly to the UNION office designated to the EMPLOYER by the District Council the sums so deducted, together with an accurate list of employees from whom wages and dues were deducted and the amounts applicable to each employee, not later than the 15th day of the month following the month for which said deductions were made.

8. It is the intention of the parties that such deductions shall comply with the requirements of Section 302(c)(4) of the Labor Management Relations Act of 1947, as amended and such deductions be made only pursuant to written agreements from each employee on whose account such deductions are made, which assignment shall not be irrevocable for a period of more than one year or beyond the termination date of the Memorandum of Agreement, whichever occurs sooner.

9. This Agreement shall remain in full force and effect through May 31, 2001 (unless an applicable Association agreement is of longer duration) and shall continue thereafter unless there has been given written notice, by registered or certified mail by either party hereto, received no less than sixty (60) nor more than ninety (90) days prior to the expiration date, of the desire to modify or amend this Agreement through negotiations. In the absence of such notice the EMPLOYER and the UNION agree to be bound by the new area-wide negotiated contracts with the various Associations incorporating them into this Agreement and extending this Agreement for the life of the newly negotiated contracts.

10. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete Joint Working Agreement. Upon request of the UNION, the EMPLOYER shall execute another agreement that reflects the final contract terms herein incorporated herein.

Dated: 8-21- (month/day), 98 (year)

ACCEPTED:

Laborers' Local Union No. ______________

By: ______________

CONSTRUCTION AND GENERAL LABORERS' DISTRICT COUNCIL OF CHICAGO AND VICINITY

By: [signature]
Robert F. Black, Trustee

For Office Use Only: ______________

RUANE CONSTRUCTION, INC.
(Company)

[signature] (President)
(Print Name and Title)

Mark Ruane
(Signature)

23564 S. HARLEM AVE.
(Address)

FRANKFORT, IL 60423
(City, State and Zip Code)

(815) 464-0681
(Telephone)

TRUST FUND

EXHIBIT
B

RUANE CONSTRUCTION
CHLAB-0216-03707
Acct # 23970
June 1, 2013 through January 31, 2016
WITHOUT SOCIAL SECURITY NUMBERS



# Calibre CPA Group, PLLC

**Reconciliation of Differences Per Year**

**Chicago Laborers**
**Ruane Construction**
Case: **CHLAB-0216-03707**
Audit Period: **6/1/2013 - 1/31/2016**
Fiscal Year End: **May**

Manager: **Leia Betar**
Auditor: **Sarah Paganini**

| **Findings** | **Fiscal Year Ending:** | **May 2016** | **May 2015** | **May 2014** | **Total** |
|---|---|---|---|---|---|
| Dollars Not Reported | | 37,720.20 | 44,177.00 | 26,166.38 | 108,063.58 |
| Hours Not Reported (Funds) | | 962.25 | 1,059.00 | 655.75 | 2,677.00 |
| Hours Not Reported (Dues) | | 962.25 | 1,059.00 | 655.75 | 2,677.00 |
| **Dollar Amount Due** | | | | | |
| Welfare Fund | | 9,603.25 | 10,568.82 | 8,773.93 | 28,946.00 |
| Retiree Welfare Prefunding | | 3,849.00 | 4,024.20 | | 7,873.20 |
| Pension Fund | | 10,315.32 | 10,717.08 | 6,242.74 | 27,275.14 |
| Training Fund | | 481.13 | 529.50 | 327.87 | 1,338.50 |
| WGC | | 76.98 | 84.72 | 52.46 | 214.16 |
| LDCLMCC | | 163.59 | 127.08 | 78.69 | 369.36 |
| LECET | | 67.35 | 74.11 | 45.92 | 187.38 |
| Dues | | 1,414.50 | 1,435.75 | 850.40 | 3,700.65 |
| | **Total** | **25,971.12** | **27,561.26** | **16,372.01** | **69,904.39** |
| | | | | Liquidated Damages | 256,790.66 |
| | | | | Dues Penalties | 7,506.71 |
| | | | | Dues Shortages | 183.93 |
| | | | | Audit Fee | 1,849.90 |
| | | | | **Total Amount Due** | **336,235.59** |

Local: Chicago Laborers
Contractor: Ruane Construction
Case: CHLAB-0216-03707

# Calibre CPA Group, PLLC

Details Report

Contract: WGC / *WGC

## Source: Hours Worked

| Employee Findings | | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 | 05/2014 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KNUDSEN, MATTHEW | xxx-xx-xxxx | | | | | | | | | | | | 32.00 | 32.00 |
| MARQUEZ, ROBERTO | xxx-xx-xxxx | 42.25 | | | | | | | | | | | | 42.25 |
| ROMERO, JOSE | xxx-xx-xxxx | | | | | 44.50 | 52.75 | 16.50 | 131.00 | 30.50 | | | | 275.25 |
| ROMERO, NELSON E | xxx-xx-xxxx | | | | | 41.00 | 37.50 | 8.00 | 104.00 | 44.50 | | | | 235.00 |
| RUANE, THOMAS | xxx-xx-xxxx | | | | | | | 40.00 | | | | | | 40.00 |
| ZNAVOR, TIMMY | xxx-xx-xxxx | | | | | | | 8.00 | | 23.25 | | | | 31.25 |
| **Total** | | 42.25 | | | | 85.50 | 90.25 | 72.50 | 235.00 | 98.25 | | | 32.00 | 655.75 |

| Rate Table | | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 | 05/2014 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 13.3800 | 565.30 | | | | 1143.99 | 1207.55 | 970.05 | 3144.30 | 1314.58 | | | 428.16 | 8773.93 |
| Pension Fund | 9.5200 | 402.22 | | | | 813.96 | 859.18 | 690.20 | 2237.20 | 935.34 | | | 304.64 | 6242.74 |
| Training Fund | 0.5000 | 21.12 | | | | 42.75 | 45.13 | 36.25 | 117.50 | 49.12 | | | 16.00 | 327.87 |
| WGC | 0.0800 | 3.38 | | | | 6.84 | 7.22 | 5.80 | 18.80 | 7.86 | | | 2.56 | 52.46 |
| LDCLMCC | 0.1200 | 5.07 | | | | 10.26 | 10.83 | 8.70 | 28.20 | 11.79 | | | 3.84 | 78.69 |
| LECET | 0.0700 | 2.96 | | | | 5.99 | 6.31 | 5.06 | 16.45 | 6.89 | | | 2.24 | 45.92 |
| **Total** | | 1000.05 | | | | 2023.79 | 2136.22 | 1716.08 | 5562.45 | 2325.58 | | | 757.44 | 15521.61 |

## Source: Wages Paid

| Employee Findings | | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 | 05/2014 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| KNUDSEN, MATTHEW | xxx-xx-xxxx | | | | | | | | | | | | 1184.00 | 1184.00 |
| MARQUEZ, ROBERTO | xxx-xx-xxxx | 1937.88 | | | | | | | | | | | | 1937.88 |
| ROMERO, JOSE | xxx-xx-xxxx | | | | | 1729.75 | 2099.75 | 767.75 | 5217.00 | 1147.00 | | | | 10961.25 |
| ROMERO, NELSON E | xxx-xx-xxxx | | | | | 1535.50 | 1489.25 | 296.00 | 4023.75 | 1646.50 | | | | 8991.00 |
| RUANE, THOMAS | xxx-xx-xxxx | | | | | | | 1936.00 | | | | | | 1936.00 |
| ZNAVOR, TIMMY | xxx-xx-xxxx | | | | | | | 296.00 | | 860.25 | | | | 1156.25 |
| **Total** | | 1937.88 | | | | 3265.25 | 3589.00 | 3295.75 | 9240.75 | 3653.75 | | | 1184.00 | 26166.38 |

| Rate Table | | 06/2013 | 07/2013 | 08/2013 | 09/2013 | 10/2013 | 11/2013 | 12/2013 | 01/2014 | 02/2014 | 03/2014 | 04/2014 | 05/2014 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | 62.98 | | | | 106.12 | 116.64 | 107.11 | 300.32 | 118.75 | | | 38.48 | 850.40 |
| Total | | 62.98 | | | | 106.12 | 116.64 | 107.11 | 300.32 | 118.75 | | | 38.48 | 850.40 |

Local: Chicago Laborers
Contractor: Ruane Construction
Case: CHLAB-0216-03707

# Calibre CPA Group, PLLC

Details Report

Contract: WGC / *WGC

Source: Hours Worked

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANDRADE, JUAN | xxx-xx-xxxx | | | | | | 14.00 | | | | | 82.00 | | 96.00 |
| BELTRAN, ISMAEL | xxx-xx-xxxx | | | | | | | | | | | 91.50 | 3.50 | 95.00 |
| JANELIUNAS, BRYAN | xxx-xx-xxxx | 19.00 | | | | | | | 60.00 | 30.00 | 33.50 | | | 142.50 |
| KNUDSEN, MATTHEW | xxx-xx-xxxx | 40.00 | | | 265.50 | 200.00 | | | | | | | | 505.50 |
| ROMERO, JOSE | xxx-xx-xxxx | | | | | | | | | | | 27.50 | | 27.50 |
| ROMERO, NELSON E | xxx-xx-xxxx | 32.50 | | | | | | | | | | | | 32.50 |
| RUANE, THOMAS | xxx-xx-xxxx | | | | | | | | | | | 160.00 | | 160.00 |
| **Total** | | 91.50 | | | 265.50 | 200.00 | 14.00 | | 60.00 | 30.00 | 33.50 | 361.00 | 3.50 | 1059.00 |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Welfare Fund | 9.9800 | 913.17 | | | 2649.69 | 1996.00 | 139.72 | | 598.80 | 299.40 | 334.33 | 3602.78 | 34.93 | 10568.82 |
| Retiree Welfare Prefunding | 3.8000 | 347.70 | | | 1008.90 | 760.00 | 53.20 | | 228.00 | 114.00 | 127.30 | 1371.80 | 13.30 | 4024.20 |
| Pension Fund | 10.1200 | 925.98 | | | 2686.86 | 2024.00 | 141.68 | | 607.20 | 303.60 | 339.02 | 3653.32 | 35.42 | 10717.08 |
| Training Fund | 0.5000 | 45.75 | | | 132.75 | 100.00 | 7.00 | | 30.00 | 15.00 | 16.75 | 180.50 | 1.75 | 529.50 |
| WGC | 0.0800 | 7.32 | | | 21.24 | 16.00 | 1.12 | | 4.80 | 2.40 | 2.68 | 28.88 | 0.28 | 84.72 |
| LDCLMCC | 0.1200 | 10.98 | | | 31.86 | 24.00 | 1.68 | | 7.20 | 3.60 | 4.02 | 43.32 | 0.42 | 127.08 |
| LECET | 0.0700 | 6.41 | | | 18.58 | 14.00 | 0.98 | | 4.20 | 2.10 | 2.34 | 25.26 | 0.24 | 74.11 |
| **Total** | | 2257.31 | | | 6549.88 | 4934.00 | 345.38 | | 1480.20 | 740.10 | 826.44 | 8905.86 | 86.34 | 26125.51 |

# Calibre CPA Group, PLLC

Details Report

Local: **Chicago Laborers**
Contractor: **Ruane Construction**
Case: **CHLAB-0216-03707**

Contract: **WGC / *WGC**

Source: **Wages Paid**

| Employee Findings | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ANDRADE, JUAN | xxx-xx-xxxx | 220.50 | | | | | 532.00 | | | | | 3230.00 | | 3982.50 |
| ANDRADE, PEDRO | xxx-xx-xxxx | 226.75 | | | | | | | | | | | | 226.75 |
| BELTRAN, ISMAEL | xxx-xx-xxxx | | | | | | | | | | | 3543.50 | 133.00 | 3676.50 |
| CHWALEK, ANDRZEJ | xxx-xx-xxxx | 138.50 | 24.00 | | | | | | | | | | | 162.50 |
| JANELIUNAS, BRYAN | xxx-xx-xxxx | 1436.00 | | | | | | | 2280.00 | 1140.00 | 1273.00 | | | 6129.00 |
| KNUDSEN, MATTHEW | xxx-xx-xxxx | 1640.00 | 39.00 | | 10089.00 | 7600.00 | | | | | | | | 19368.00 |
| ROMERO, JOSE | xxx-xx-xxxx | 183.00 | | | | | | | | | | 1111.50 | | 1294.50 |
| ROMERO, NELSON E | xxx-xx-xxxx | 1306.50 | | | | | | | | | | | | 1306.50 |
| RUANE, THOMAS | xxx-xx-xxxx | | | | | | | | | | | 7744.00 | | 7744.00 |
| TREPTON, RICHARD | xxx-xx-xxxx | 116.25 | | | | | | | | | | | | 116.25 |
| ZNAVOR, TIMMY | xxx-xx-xxxx | 170.50 | | | | | | | | | | | | 170.50 |
| **Total** | | **5438.00** | **63.00** | | **10089.00** | **7600.00** | **532.00** | | **2280.00** | **1140.00** | **1273.00** | **15629.00** | **133.00** | **44177.00** |

| Rate Table | | 06/2014 | 07/2014 | 08/2014 | 09/2014 | 10/2014 | 11/2014 | 12/2014 | 01/2015 | 02/2015 | 03/2015 | 04/2015 | 05/2015 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Dues | 0.0325 | 176.74 | 2.05 | | 327.89 | 247.00 | 17.29 | | 74.10 | 37.05 | 41.37 | 507.94 | 4.32 | 1435.75 |
| Total | | 176.74 | 2.05 | | 327.89 | 247.00 | 17.29 | | 74.10 | 37.05 | 41.37 | 507.94 | 4.32 | 1435.75 |

Local: Chicago Laborers
Contractor: Ruane Construction
Case: CHLAB-0216-03707

# Calibre CPA Group, PLLC

Details Report

Contract: WGC / *WGC

Source: Hours Worked

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BELTRAN, FREDDIE | xxx-xx-xxxx | | 136.00 | 160.00 | 143.00 | 200.00 | 131.75 | 191.50 | | | | | | 962.25 |
| **Total** | | | **136.00** | **160.00** | **143.00** | **200.00** | **131.75** | **191.50** | | | | | | **962.25** |
| **Rate Table** | | | | | | | | | | | | | | |
| Welfare Fund | 9.9800 | | 1357.28 | 1596.80 | 1427.14 | 1996.00 | 1314.86 | 1911.17 | | | | | | 9603.25 |
| Retiree Welfare Prefunding | 4.0000 | | 544.00 | 640.00 | 572.00 | 800.00 | 527.00 | 766.00 | | | | | | 3849.00 |
| Pension Fund | 10.7200 | | 1457.92 | 1715.20 | 1532.96 | 2144.00 | 1412.36 | 2052.88 | | | | | | 10315.32 |
| Training Fund | 0.5000 | | 68.00 | 80.00 | 71.50 | 100.00 | 65.88 | 95.75 | | | | | | 481.13 |
| WGC | 0.0800 | | 10.88 | 12.80 | 11.44 | 16.00 | 10.54 | 15.32 | | | | | | 76.98 |
| LDCLMCC | 0.1700 | | 23.12 | 27.20 | 24.31 | 34.00 | 22.40 | 32.56 | | | | | | 163.59 |
| LECET | 0.0700 | | 9.52 | 11.20 | 10.01 | 14.00 | 9.22 | 13.40 | | | | | | 67.35 |
| **Total** | | | 3470.72 | **4083.20** | **3649.36** | **5104.00** | 3362.26 | 4887.08 | | | | | | **24556.62** |

Source: Wages Paid

| Employee Findings | | 06/2015 | 07/2015 | 08/2015 | 09/2015 | 10/2015 | 11/2015 | 12/2015 | 01/2016 | 02/2016 | 03/2016 | 04/2016 | 05/2016 | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| BELTRAN, FREDDIE | xxx-xx-xxxx | | 5331.20 | 6272.00 | 5605.60 | 7840.00 | 5164.60 | 7506.80 | | | | | | 37720.20 |
| **Total** | | | **5331.20** | **6272.00** | **5605.60** | **7840.00** | **5164.60** | 7506.80 | | | | | | **37720.20** |
| **Rate Table** | | | | | | | | | | | | | | |
| Dues | 0.0375 | | 199.92 | 235.20 | 210.21 | 294.00 | 193.67 | 281.50 | | | | | | 1414.50 |
| **Total** | | | **199.92** | **235.20** | **210.21** | **294.00** | **193.67** | **281.50** | | | | | | **1414.50** |

# Calibre CPA Group PLLC
## Payroll Audit Information Sheet

I, MARK RUANE, declare and state as follows: I am an Officer and Shareholder of RUANE CONST. (hereinafter, the "Company") and I am duly authorized to make the representations and Enter into the agreements set forth herein on behalf of the Company.

| | | | |
|---|---|---|---|
| Employer's Name | RUANE CONST. | Employer # | 23970 |
| Address | 8918 SCHOGER DR | Phone # | 815-464-6081 |
| City, State, ZIP | NAPERVILLE IL 60564 | Fax # | 815-464-6085 |
| Email address | danderson@ruaneconstruction.com | FEIN | |
| Contact's name | Denise Anderson | Title | office |
| Person fund is to contact | Denise Anderson | Title | office |
| Entity Type | | # EE last month | 26 |
| Business Activity | | # Lab last month | 6 |

| OWNERSHIP-PRINCIPALS | TITLE | % | ADDRESS |
|---|---|---|---|
| MARK RUANE | PRESIDENT | 100 | 324 CLAREMONT NAPERVILLE |
| | | | |
| | | | |

BANKING FACILITIES USED AND ACCOUNT NUMBER

DOES EMPLOYER HAVE A BOND? ☐ YES $ ______ *(Please attach copy)* ☒ NO

BOND COMPANY NAME & PHONE #

IS EMPLOYER STILL IN BUSINESS? ☒ YES ☐ NO

Do any of the Company's shareholders or officers have a shareholder or officer position in another company or entity? ☐ YES ☒ NO

IF YES, LIST NAMES OF SAME

Has the Company employed any subcontractors owned or operated by any Officer, Shareholder, or family members of the Company's Officers and/or Shareholders? ☐ YES ☒ NO

IF YES, LIST NAMES OF SAME

Has the Company subcontracted work covered by the Laborers' collective bargaining agreement to any subcontractors that are not signatory with the Chicago Labor Union? ☐ YES ☒ NO

IF YES, LIST NAMES OF SAME

Is employer a member of any trade organization or association? ☐ YES ☐ NO

IF YES, LIST NAMES OF SAME

I, the undersigned, certify under penalty of perjury that the foregoing is true and correct.

[signature], as Officer and Shareholder

of RUANE CONST. Dated: 3-15-16

**Calibre CPA Group, PLLC**
**Payroll Audit Information Sheet**

AUDIT DATE: 3/25/16

AUDIT SITE (IF DIFFERENT FROM EMPLOYER'S ADDRESS: same

ALL REQUIRED ACCOUNTING RECORDS WERE AVAILABLE WITH THE EXCEPTION OF

BRIEFLY DESCRIBE THE NATURE OF THE DELINQUENCY, IF ANY

Under reported hours and wages to the Funds and Due office of known members. Wage audit included.

DID YOUR EXAMINATION UNCOVER ANYTHING SPECIAL OR UNUSUAL WHICH SHOULD BE BROUGHT TO THE ATTENTION OF THE FUND COUNSEL OR OTHER INTERESTED PERSONS?

☐ YES ☒ NO

IF YES, EXPLAIN

| AUDITOR | Sarah Paganini |
|---|---|
| FIELD REPRESENTATIVE | |

LABORERS' PENSION & WELFARE FUNDS

8/9/17

AUDIT

EMPLOYER RUANE CONSTRUCTION

CODE 23970

FOLLOWING ARE THE FIGURES OWED BY THE ABOVE MENTIONED CONTRACTOR AS A RESULT OF THE AUDIT.

| 6-1-13 - 1-31-16 | HOURS | WELFARE | RATE | RETIREE WELFARE | RATE | PENSION | RATE | TRAINING FUND | RATE | DUES | LDCLMCC | RATE | WGC | RATE | LECET | RATE | TOTAL |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ADDITIONAL HOURS | | | | | | | | | | | | | | | | | |
| 6-1-13 - 5-31-14 | 655.75 | 8,773.93 | 13.38 | - | | 6,242.74 | 9.52 | 327.87 | 0.50 | 850.40 | 78.69 | 0.12 | 52.46 | 0.08 | 45.92 | 0.07 | 16,372.01 |
| 6-1-14 - 5-31-15 | 1,059.00 | 10,568.82 | 9.98 | 4,024.20 | 3.80 | 10,717.08 | 10.12 | 529.50 | 0.50 | 1,435.75 | 127.08 | 0.12 | 84.72 | 0.08 | 74.11 | 0.07 | 27,561.26 |
| 6-1-15 - 1-31-16 | 962.25 | 9,603.25 | 9.98 | 3,849.00 | 4.00 | 10,315.32 | 10.72 | 481.13 | 0.50 | 1,414.50 | 163.59 | 0.17 | 76.98 | 0.08 | 67.35 | 0.07 | 25,971.12 |
| | | - | | - | | - | | - | | - | - | | - | | - | | - |
| SHORTAGES | | - | | - | | - | | - | | - | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| | | - | | - | | - | | - | | | - | | - | | - | | - |
| SUBTOTAL | 2,677.00 | 28,946.00 | | 7,873.20 | | 27,275.14 | | 1,338.50 | | 3,700.65 | 369.36 | | 214.16 | | 187.38 | | 69,904.35 |
| 10% LIQUIDATED DAMAGES | | | | | | | | | | 370.07 | 36.94 | | 21.42 | | 18.74 | | 447.17 |
| 20% LIQUIDATED DAMAGES | | 5,789.20 | | 1,574.64 | | 5,455.03 | | 267.70 | | | | | - | | | | 13,086.57 |
| AUDIT COSTS | | 462.48 | | 462.48 | | 924.94 | | | | | | | | | | | 1,849.90 |
| ATTORNEY FEES | | - | | - | | - | | | | | | | | | | | - |
| ACCUM. LIQUIDATED DAMAGES | | - | | - | | - | | | | - | | | | | | | - |
| ACCUM. INTEREST | | 5,715.82 | | 1,091.24 | | 4,970.00 | | 249.53 | | | 63.98 | | 39.93 | | 34.94 | | 12,165.44 |
| TOTAL DUE | | 40,913.50 | | 11,001.56 | | 38,625.11 | | 1,855.73 | | 4,070.72 | 470.28 | | 275.51 | | 241.06 | | 97,453.47 |

tabbies
EXHIBIT
D